**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BEN VENTURA, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )     **Case No. 26-CV-00262-CVE-JFJ** |
| | ) |
| FRAN VELLA-MARRONE, | ) |
| BRIAN GOTLIEB, and | ) |
| GENINE EDWARDS, | ) |
| | ) |
|        **Defendants.** | ) |

## OPINION AND ORDER

Now before the court are plaintiff Ben Ventura's complaint (Dkt. # 1), and motion to proceed in forma pauperis (Dkt. # 2). Plaintiff, proceeding pro se, has filed an action alleging that defendants Brian Gotlieb and Genine Edwards "frequently violated due process, [w]ith the support from [defendant] Fran Vella-Marrone." Dkt. # 1, ¶ 1. The complaint also states that "[t]he compensation demand is above the jurisdictional limit." Id. ¶ 2. Missing from this complaint, however, are any description of plaintiff's claims or any ground on which the Court could exercise subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction and lack the power to hear any case that is beyond their subject-matter jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (defining federal subject-matter jurisdiction as "the courts' statutory or constitutional power to adjudicate the case"). The party invoking federal jurisdiction bears the burden of "alleg[ing] facts demonstrating the appropriateness of invoking judicial resolution of the dispute." New Mexicans for Bill Richardson v. Gonzalez, 64 F.3d 1495, 1499 (10th Cir. 1995) (citing Renne v. Geary, 501 U.S. 312, 317 (1991));

McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936). Even if a party has not raised the issue of jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). A court may raise the issue of subject-matter jurisdiction sua sponte and at any stage of litigation. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006); Tafoya v. U.S. Dep't of Just., 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties."). Under Federal Rule of Civil Procedure 12(h)(3), if a court raises the issue of subject-matter jurisdiction and finds that it lacks jurisdiction, it must dismiss the case.

In cases where the proponent of federal subject-matter jurisdiction is proceeding pro se, as plaintiff is here, a court must hold that litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court is in no position to " supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Put differently, this liberal standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court has reviewed plaintiff's complaint (Dkt. # 1) and finds that it has no basis to exercise subject-matter jurisdiction over this case. Plaintiff offers no factual allegations, no theory of liability, and no statement of the Court's jurisdiction. Plaintiff's complaint consists, in toto, of

two sentences: (1) that defendants "violated due process," and (2) that the "compensational demand is above the jurisdictional limit." Dkt. # 1. As neither of these sentences fulfills the requirements of 28 U.S.C. § 1331, for a claim arising under federal law, the Court is left without authority to exercise federal question jurisdiction. Similarly, plaintiff fails to allege that complete diversity of citizenship exists among the parties or that the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. § 1332(a). Plaintiff alleges neither the citizenship of any party nor the amount in controversy, beyond the vague assertion that it is "above the jurisdictional limit." Dkt. # 1, ¶ 2. Plaintiff has, therefore, also failed to fulfill the requirements of 28 U.S.C. § 1332(a), leaving the Court without authority to exercise diversity jurisdiction over this case. Lacking any basis on which it may exercise subject-matter jurisdiction, the Court must dismiss the case.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 6th day of May, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3